IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ROSE MYERS, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| The MITRE Corporation, | )   Removed from the Circuit Court of |
| | )   Fairfax County, Case No. CL-2020-0013011 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant The MITRE Corporation ("Defendant"), reserving all rights, defenses, objections and claims, remove this Action under 28 U.S.C. §§ 1441, 1446, and 1331.  In support of this notice, Defendant states as follows:

1.   Plaintiff Rose Myers filed a Complaint on or about August 28, 2020, designated Case No. CL-2020-13011, in the Circuit Court of Fairfax County, Virginia.  A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1. Pursuant to 28 U.S.C. §1446 (a), Exhibit 1 constitutes a copy of "all process, pleadings and order served" upon Defendant.

2.   Plaintiff's Complaint does not identify any express causes of action, but is titled as a "race and sex discrimination [and] sexual harassment civil lawsuit in the workplace." *See* Exh. 1.  She asserts that she is seeking damages based on "sexual and race discrimination and bullying in the workplace" and experienced a "hostile work environment" at work.  *Id.*  at ¶¶1-2. The body of the Complaint is similarly limited to allegations relating to Plaintiff's employment in 2014-2016 with MITRE and alleged incidents that occurred during that employment that she contends were discriminatory and/or harassing.  *See id, passim*.

3. Prior to July 1, 2020, race and sex discrimination or harassment claims against employers with more 15 employees, such as Defendant, could not be pursued under the Virginia Human Rights Act or common law.[1] *Wright v. Hilldrup Moving & Storage*, No. 116CV1349AJTJFA, 2017 WL 2262842, at *5 (E.D. Va. May 23, 2017) ("The Virginia Human Rights Act provides for protections against discrimination committed by employers not covered by the federal discrimination laws, *i.e.*, employers with less than 15 employees for race and sex discrimination claims…. There is also no recognized Virginia common law claim for wrongful termination on the basis of age, race, sex or other protected categories covered by the Virginia Human Rights Act.") (citations omitted); *see also* Va. Code Ann. § 2.2–3903(B), (D); *Collins v. Franklin*, 142 F.Supp.2d 749, 751 (W.D.Va. 2000) (dismissing an action for sexual harassment for failure to state a claim).

4. Thus, the substance and timing of the allegations in the Complaint make clear that Plaintiff seeks to assert claims of discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Complaint is removable under the "well-pleaded Complaint" rule. *Rollins v. Kjellstrom & Lee, Inc.*, 109 F. Supp. 3d 869, 874 (E.D. Va. 2015) ("Generally, whether subject matter jurisdiction exists turns on the plaintiff's 'well-pleaded complaint.'").

5. 28 U.S.C. §1331 endows this Court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, this Court has original jurisdiction over this Action as Plaintiff's Complaint is based on a federal statute.

---

[1] Defendant has over 8200 employees. https://www.mitre.org/sites/default/files/publications/mitre-overview.pdf (last accessed September 24, 2020).

65965340v.1

6. Accordingly, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction, and, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. §1441(b).

7. Although Defendant submits that the Complaint does not present any claims under state law, to the extent that Plaintiff purports to assert a state law claim based on the same factual allegations provided to support her discrimination and harassment claims under Title VII, the Court would have supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1367(a).

8. Defendant received the Summons and Complaint on September 8, 2020. Therefore, Defendant removed this Action within 30 days of receipt of the Complaint and the removal is timely under 28 U.S.C. § 1446(b). *See* Fed. R. Civ. P. 6(a).

9. Venue is proper in this Court under 28 U.S.C. § 1441(a) as the United States District Court for the Eastern District of Virginia is the district court embracing the Circuit Court of Fairfax County, Virginia.

10. Notice of the filing of this removal has been provided to all adverse parties and the clerk of the Circuit Court for Fairfax County, Virginia in accordance with 28 U.S.C. § 1446(d).

11. Defendant reserves the right to assert additional support for this removal in the event that Plaintiff amends the pleading or move to remand the Action.

WHEREFORE, Defendant hereby removes this Action pending in the Circuit Court for Fairfax County, Virginia to this honorable Court.

Dated: September 28, 2020   Respectfully submitted,

/s/  Christine M. Costantino

Christine M. Costantino (VA Bar No. 86986)
ccostantino@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone:   (202) 463-2400
Facsimile:   (202) 828-5393

*Attorneys for Defendant The MITRE Corporation*

4

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed this 28th day of September, 2020 and provided to the following via U.S. mail, postage prepaid:

>Rose Myers
>10906 Dappled Grey Way
>Upper Marlboro, MD  20772
>*Pro Se*

>*/s/  Christine M. Costantino*
>Christine M. Costantino (VA Bar No. 86986)

65965340v.1