IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSE MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-1139 |
| ) | Hon. Liam O'Grady |
| THE MITRE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is the MITRE Corporation's ("MITRE") Rule 12(b)(6) motion to dismiss (Dkt. 3) Plaintiff Rose Myers's ("Myers") complaint (Dkt. 1), which alleges, among other things, discrimination and harassment based on her race and sex, *see* Dkt. 1-2, at 3. The Court held a hearing on the matter on November 6, 2020. For the reasons stated from the bench and set forth below, the Court must **GRANT** Defendant's motion **WITHOUT PREJUDICE**.

### I. BACKGROUND

Myers was hired as a "part-time on-call" employee at MITRE's Security Operations Center in McLean, Virginia on September 19, 2014. Dkt. 1-2, at 3, ¶ 3. Following her onboarding, Myers states in her complaint (1) that she was subjected to harassment and "harsh and constant bullying," (2) that one supervisor yelled at her and said "mean [and] hateful and bull[ying] things to [her]," (3) that she was targeted with "Sexual Derogatory Remarks about woman," and (4) that her coworkers leered at her. *See* Dkt. 1-2, at 3–5.

On September 18, 2015, Myers filed a "written Sexual Harassment Complaint" with MITRE Human Resources staff ("HR"). *Id.* at 4, ¶ 6. After she submitted her complaint, Myers alleges that she was told by HR that "there [would] be no repercussions" for the individuals she

accused of harassment. *Id.* She states she was distraught by this information, and took a short period of unpaid leave to deal with her stress. *Id.* After returning to work, she met again with HR on "several occasions," but discovered that no adverse action was being taken against the individuals she accused of harassment. *See id.* at 7.

After temporarily resuming work, Myers took an extended leave of absence. *Id.* at ¶ 8. When she again returned to work, she asserts that MITRE refused to provide her with regular hours. *Id.* at ¶ 9. She asked "to speak to someone in EEO, EAP or someone in Civil Rights" about her scheduling issues, but HR refused to give her relevant contact information. *Id.* at ¶ 10. Myers also alleges that she experienced sexual harassment when she did work. *Id.* at 4–5, at ¶¶ 11–16. She continued to ask HR about the status of her 2015 "written Sexual Harassment Complaint," but received little information in response to her inquiries. *Id.* at 5, at ¶ 16. One and a half years later, MITRE allegedly "wrote [her] out of [her] contract" without providing a reason. *Id.* at ¶ 17.

Though Myers's complaint does not provide a specific date of termination, her allegations set forth the following sequence of events:

(1) She met with HR in September 2015 and "several other times during 2015. Dkt. 1-2, at 4, ¶ 7.
(2) "The next year" (i.e., 2016), she was "allowed . . . to come back [to work] and retrain." *Id.* at 4, ¶ 11.
(3) She was still working at MITRE in December 2016. *Id.* at 4, ¶ 12.
(4) She was "kept on the rolls for an additional 1 ½ year[s]" before she was "wrote . . . out of [her] contract." *Id.* at 5, ¶ 17.

During the hearing, Myers informed the Court that she was terminated during "December" but did not specify which year. The Court will assume, without deciding, that she was terminated in December 2018.[1]

---

[1] MITRE asserts that Myers's "allegations make clear that [her termination occurred] no later than 2017." Dkt. 4, at

2

On August 28, 2020, Myers filed a complaint in Fairfax Circuit Court seeking $800,000 and alleging that she had "experienced Sexual harassment and Race Discrimination and a Hostile work environment in [her workplace] . . . causing significant emotional pain, anxiety, severe panic attached [sic], High Blood Pressure, Acid Reflux, [] severe Depression, [and] hair Loss from the stress of the Harassment [sic]." Dkt. 1-2, at 3. The Court construes her complaint as seeking relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Virginia Human Rights Act ("VHRA"). *See generally* Dkt. 1, at 2–5.

Myers effected service of process on MITRE on August 31, 2020. Dkt. 1-2, at 2. MITRE timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1331 on September 28, 2020. Dkt 1, at 1. Myers's complaint claims relief under Title VII, and so the Court has subject matter jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims arising from the same "common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

## II. LEGAL STANDARD

On a motion to dismiss, a Court evaluates a Plaintiff's claims under *Twombly-Iqbal*'s plausibility standard. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, the Court accepts as true the claimant's well-pleaded allegations, and it views the complaint in the light most favorable to the non-movant. *T.G. Slater & Son, Inc. v. Donald P. and Patricia Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). However, the claimant must provide more than merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, it must "allege facts sufficient to raise a right to relief above the speculative level, stating

---

2. But, as the Court's analysis above indicates, the timeline of Myers's termination is less than "clear." MITRE, Myers's former employer, has access to her employment records, and so can resolve this question if needed.

3

a claim that is plausible on its face, rather than merely conceivable." *Vuyyuru v. Wells Fargo Bank, N.A.*, 2016 WL 356087, at *2 (E.D. Va. Jan. 28, 2016) (citing *Iqbal*, 556 U.S. at 678). The Court may therefore dismiss a claim under Rule 12(b)(6) if it finds that there are no facts alleged that could plausibly entitle the Plaintiff to relief.

### III. DISCUSSION

MITRE concedes that Myers seeks relief under Title VII for alleged discrimination and harassment she suffered based on her race and sex. *See* Dkt. 4, at 1. Myers's complaint also can be read to seek redress for retaliation under Title VII and for discrimination and wrongful discharge under the Virginia Human Rights Act ("VHRA"). *See* Dkt. 1-2, at 5, ¶ 17 ("I was kept on the rolls for an additional 1 ½ year [sic] they wrote me out of the contract [sic]. No other person was let go but me [sic] I was not giving [sic] a reason why could couldn't [sic] continue work for MITRE.").

#### 1. Title VII

To sue in federal court under Title VII, Myers must first exhaust administrative remedies by bringing a charge with the United States Equal Employment Opportunity Commission ("EEOC"). *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Myers has failed to comply with this requirement.

Specifically, she does not allege that she filed a charge with the EEOC or that she received a "right-to-sue" letter from the Commission. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue."). Rather, she states that she "wanted to speak to someone in EEO," but that MITRE HR personnel

4

"refused to provide [her] with their contact information." MITRE's uncooperative behavior does not excuse Myers's obligation to exhaust her administrative remedies. She was bound to take the necessary steps to file a charge with the EEOC and did not take these steps.

For this reason, the Court lacks jurisdiction over her Title VII claims. *See Davis v. North Carolina Dep't. of Corrections*, 48 F.3d 134, 140 (4th Cir. 1995). They must be dismissed.

### 2. The Virginia Human Rights Act

Myers also fails to state a claim under the VHRA at this juncture.

MITRE correctly notes that, at the time of its alleged wrongdoing, the VHRA's provisions prohibiting harassment and discrimination based on race and sex applied only to employers with fewer than fifteen employees. *See* Va. Code 2.2-3903 (2018). This year, the Virginia Values Act (VVA) expanded the VHRA's protections to cover any employer with five or more employees, effective July 1, 2020. *See* Virginia Values Act, 2020 Virginia Laws Ch. 1138 (H.B. 1049) ("'Employer' means any person, or agent of such person, employing five or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."). Nothing in the VVA indicates that its amendments to the VHRA apply retroactively. *See generally id.* Virginia law also disfavors retroactive application of statutes, "recognizing that it is unjust to interfere with rights and liabilities that are vested or have accrued before a statute's passage." *Smith v. Liberty Nursing Home, Inc.*, 522 S.E.2d 890, 895 (Va. Ct. App. 2000) (citing *Island Creek Coal Co. v. Breeding*, 365 S.E.2d 782, 787 (Va. 1988)). For this reason, Myers cannot state a claim for discrimination or harassment based on race or sex under the VHRA, as this law's strictures did not apply to MITRE at the time of its alleged wrongdoing. Moreover, even if she could state claims for discrimination or harassment under the VHRA, she would be subject to the law's administrative exhaustion requirements, which

require that she first file a charge with the Virginia Division of Human Rights "to assist in the prevention of and relief from alleged unlawful discriminatory practices." *See* Virginia Values Act, 2020 Virginia Laws Ch. 1138 (H.B. 1049); *see also* Va. Code 2.2-520 (2020).

Assuming Myers's complaint also seeks relief for wrongful *discharge* under the VHRA, she may bypass the VHRA's administrative exhaustion requirements. But any wrongful discharge claim under the VHRA must be brought within 300 days of the date of discharge. Because Myers's complaint was filed on August 28, 2020, and because she was discharged during December 2018 at the latest, any wrongful discharge claim under the VHRA would necessarily fail. The Court therefore must find that Myers fails to state a claim under the VHRA.

## IV. CONCLUSION

Myers's solemn allegations, if true, indicate serious misconduct on the part of MITRE. But her allegations are not ripe for judicial review; she has not complied with Title VII's administrative exhaustion requirement and presents no viable claim under the VHRA. Accordingly, MITRE's motion to dismiss (Dkt. 3) is **GRANTED WITHOUT PREJUDICE**. If Myers can cure the defects listed above, she may refile her complaint within **sixty (60) days**, at which point she will receive full and fair consideration of her claims. If she does not refile within this timeframe, her claims will be dismissed **WITH PREJUDICE**.

It is **SO ORDERED**.

November 13 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge